UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 1:05-CR-8 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| DEXTER LAMAR YOUNG and ) | |
| ALANDYS COUNCIL | |

## M E M O R A N D U M  &  O R D E R

Defendants Dexter Lamar Young ("Defendant Young") and Alandys Council ("Defendant Council") (collectively "Defendants") filed motions to suppress (Court File Nos. 20, 22, 30, 38) which were referred to United States Magistrate Judge William B. Carter to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On May 25, 2005, the magistrate judge filed a report and recommendation that Defendants' motions be denied (Court File No. 45).

Defendants filed objections to the magistrate's report and recommendation. Defendant Council objects first to the magistrate's credibility determination regarding Chattanooga Police Department ("CPD") Officer Robert Lewis's ("Lewis") testimony that he stopped the vehicle Defendant Council was driving based on probable cause Defendant Council was driving recklessly and improperly changing lanes in violation of Tenn. Code Ann. §§ 55-10-205 and 55-8-143(a) (Court File No. 50). Defendant Young similarly objects to the magistrate's determination Lewis had probable cause to stop the vehicle because Lewis' stated reason for the stop was the vehicle's window tint was in violation of Tennessee law (Court File No. 48). Defendant Council also objects

to the magistrate's determination Defendants' expectation of privacy in the conversation they had in the back of Lewis' patrol car was not objectively reasonable (Court File No. 50).

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). When reviewing a magistrate's credibility determinations on a motion to suppress, the district court may accept or reject the magistrate's determinations recognizing a magistrate is in a better position to assess the credibility of witnesses he sees and hears. *United States v. Raddatz*, 447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *United States v. Ailemen*, 986 F. Supp. 1228 (N.D. Cal. 1997). Credibility determinations of the magistrate who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate's assessment. *Blizzard v. Quillen*, 579 F. Supp. 1446 (D. Del. 1984).

After carefully reviewing the evidence presented at the suppression hearing, including the transcript of those proceedings, the Court agrees with the magistrate's credibility determination regarding Lewis. While the first reason Lewis gave Defendants for stopping their vehicle was the darkness of the window tinting,[1] the Court finds Defendant Council interrupted Lewis before Lewis was able to finish telling him the other reasons related to his dangerous driving that caused Lewis to stop the vehicle. Lewis' testimony to this effect is supported by the fact that he mentioned Defendant Council's dangerous driving in the "Uniform Arrest Report – Affidavit of Complaint"

---

[1] The Tennessee statute related to the allowable darkness of window tinting applies only to cars registered in Tennessee. Tenn. Code Ann. § 55-9-107. Defendant Council's vehicle was registered in Georgia, so had Lewis stopped the car for this reason, he would not have had probable cause and the stop would have been improper.

he filled out for each defendant on the date of the stop and subsequent arrests (See Government Exhibits 3, 4). The focus of Defendant Council's objections to the magistrate's credibility finding, the facts Lewis did not issue Defendant Council a traffic citation and did not follow certain CPD Standard Operating Procedures (Court File No. 50, pp. 2-4), do not affect this analysis.

Following that credibility determination, the Court finds the magistrate's probable cause analysis is supported by both the law and the weight of the evidence, including his finding Lewis had probable cause to stop the vehicle after he observed Defendant Council weave back and forth across the center line, cut abruptly into the right lane without signaling, then slam on his brakes, almost causing the vehicle behind him to rear-end his vehicle. After Lewis observed Defendant Council drive in this manner, Lewis had probable cause to believe he had violated Tennessee laws relating to reckless driving and changing lanes unsafely and without a turn signal. *See* Tenn. Code Ann. §§ 55-10-205 and 55-8-143(a).

The Court also finds the magistrate's analysis regarding the admissibility of statements Defendants made in the back of Lewis' police car after their arrest is supported by the law. Because Defendants do not object to the magistrate's finding they demonstrated a subjective expectation of privacy in this conversation, the only issue in this analysis is whether their subjective expectation of privacy was one that society is prepared to recognize as reasonable. *See Smith v. Maryland*, 442 U.S. 735, 741 (1979). Defendant Council argues the magistrate's holding that Defendants' subjective expectation of privacy in their conversation in the back of a marked police car was not objectively reasonable is contrary to the United States Supreme Court's holding in *Katz v. United States*, 389 U.S. at 351 (1967) (in determining the objective reasonableness of an expectation of privacy, it is necessary to consider both the nature of the place at issue and the manner in which a

3

person is using it, since "the Fourth Amendment protects people, not places"). The Court finds no conflict between the magistrate's holding and *Katz*. The magistrate's report and recommendation did not set out a bright line rule that a person can never have an objectively reasonable expectation of privacy in the back of a police car, but rather applied the law to the particular facts and circumstances of this case, finding these criminal defendants, after being placed in the back of a police car subsequent to arrest, did not have objectively reasonable expectations of privacy in their conversation. *See id.; see also Smith*, 442 U.S. 735; *United States v. King*, 227 F.3d 732 (6th Cir. 2000); *United States v. Clark*, 22 F.3d 799, 801-02 (8th Cir. 1994). The Court finds the magistrate's extensive analysis on this issue to be both well-reasoned and correct.

Therefore, the Court **ACCEPTS** and **ADOPTS** the magistrate's determination regarding the stop and subsequent recording of Defendants, and Defendants' motions to suppress evidence from that stop and recording are hereby **DENIED**.

**SO ORDERED.**

**ENTER:**

                                                **/s/**
                              **CURTIS L. COLLIER**
                      **UNITED STATES DISTRICT JUDGE**