UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEXTER L. YOUNG | ) | |
| | ) | |
| v. | ) | 1:09-cv-282/1:05-cr-8 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Dexter L. Young ("Young") has filed a *pro se* motion for post-conviction relief from his 2006 federal criminal convictions pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 118).[1] In addition, he has filed a motion to amend his § 2255 motion contending the United States Supreme Court's decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009) renders the search in his case unreasonable (Criminal Court File No. 120).

Young was convicted following a jury trial of conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) (Count One); aiding and abetting the possession of at least five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count Two); aiding and abetting the use/carrying of a firearm during a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 2(a) and (b) (Count Three); and possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four). (Criminal Court File No. 2). Young claims he was denied effective assistance of counsel and, relying upon *Arizona v. Gant*, contends the search of the vehicle in which he was a passenger violated the Fourth Amendment.

---

[1] Citations to docket entries will refer to the criminal court case file. All filings in this § 2255 proceeding shall be filed in the criminal court case file (1:05-cr-8).

**I.      Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Young was sentenced to a term of imprisonment for 180 months on August 3, 2006 (Criminal Court File No. 92). Young's judgment was entered on August 17, 2006 (Criminal Court File No. 95). Young pursued a direct appeal (Criminal Court File No. 96). The United States Court of Appeals for the Sixth Circuit affirmed his judgment on May 1, 2008 (Criminal Court File No. 107), and the Supreme Court of the United States denied his petition for certiorari on October 6, 2008 (Criminal Court File No. 112). "For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. Therefore, Young's judgment became final on October 6, 2008, when the Supreme Court denied certiorari. The one-year statute of limitation for filing a § 2255 motion began on October 7, 2008, and expired October 6, 2009.

Young had one year from the time his judgment of conviction became final to file his § 2255 motion. Young's § 2255 motion indicates it was delivered to prison authorities on October 23, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Therefore, Young's motion is treated as filed on October 23, 2009.

Consequently, using the date of October 7, 2008, as the starting point for determining when Young's judgment became final and the statute of limitations began to run, Young's motion is untimely. The one year statute of limitations under § 2255 expired on October 6, 2009, seventeen days before Young filed his § 2255 motion. Since Young's § 2255 motion was filed on October 23, 2009, it is untimely and will be **DENIED** (Criminal Court File No. 118).

**II.     Amendment**

Likewise, Young's proposed amendment is untimely. In his amendment, Young once again is challenging the legality of the search and seizure of the evidence used in his conviction.[2] Unlike his previous challenges to the search, his current challenge relies upon the United States Supreme Court's decision in *Arizona v. Gant*, 556 U.S. ___, 129 S.Ct. 1710 (2009), which addressed the validity of protected searches incident to an arrest—a situation not presented in Young's case as the search here was based on consent. Presuming Young is implicitly asserting a later date for the commencement of the one-year statute of limitation period applies, he is mistaken.

The one-year limitation period commences on the latest of one of the four dates set forth in § 2255(f). As discussed above, normally the date would be the date the movant's judgement became final. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Presumably, Young implicitly contends this date applies based on the Supreme Court's April 21, 2009, decision in *Gant*. Section 2255(f)(3) is inapplicable because the

---

[2] Young pursued a suppression motion before trial and appealed the legality of the stop of the vehicle in which he was a passenger on direct review.

United States Supreme Court has not held *Gant* constitutes both a new rule and a rule retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral' review unless the Supreme Court holds it to be retroactive"). Nevertheless, even if *Gant* announced a new rule and was retroactively applicable to cases on collateral review, the Court cannot concluded *Gant* is applicable to the facts here because, unlike *Gant*, which addressed a protective search of a vehicle incident to an arrest, the evidence in Young's case was discovered during a consensual search of the vehicle in which he was a passenger.

"[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject to only a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *see also United States v. Carr*, 187 Fed.Appx. 602, 606 (6th Cir. 2006), *available at* 2006 WL 1889284 ("The Fourth Amendment prohibits searches without a warrant or probable cause with few exceptions, one of which is valid consent"). Such is the case presented here as the driver of the vehicle in which Young was a passenger consented to the search of the vehicle.

In *Gant*, the Court held law enforcement officers may search the passenger compartment of a vehicle incident to an arrest only if it is reasonable to believe the arrestee might access the vehicle at the time of the search or the vehicle contains evidence of the offense of arrest. Thus, in *Gant* the Supreme Court squarely addressed the scope of the "search incident to arrest" exception to the warrant requirement but not the consent exception to the warrant requirement.

4

The search in Young's case was not incident to an arrest, but rather the search was conducted based upon the driver's consent to the search of his vehicle.[3] After obtaining consent, Young and the driver of the vehicle were standing outside the vehicle, uncuffed, while the officer was searching the interior of the vehicle; a situation in which the *Gant* Court specifically held authorizes police to search a vehicle incident to a arrest *Id*. at 1719. Once the officer found what appeared to be a partial cookie of crack cocaine, a black 9mm pistol, and a small bag of marijuana, he left the contraband in the vehicle then handcuffed Young and his co-defendant and subsequently secured them in the patrol car (Criminal Court File No. 49, Transcript of Suppression Hearing, pp. 16-17). After securing the two parties, the officer continued the search. Because the search was based on consent, *Gant* offers Young no relief.

In summary, the search in Young's case was permissible based upon the driver's consent which is an exception to the warrant requirement, thus, rendering the search authorized and constitutional. Accordingly, not only is Young's motion to amend untimely, it lacks merit, and therefore, will be **DENIED** (Criminal Court File No. 120).

## III. Conclusion

Young is not entitled to relief under § 2255 and his motion and proposed amendment to vacate, set aside, or correct his sentence will be **DENIED** (Criminal Court File Nos. 118 & 120). This action will be **DISMISSED**.

---

[3] The driver's consent was captured by the video recorder mounted in the officer's vehicle. The Magistrate Judge's Report and Recommendation denying the suppression motion reflects the officer obtained consent to search the vehicle from the driver, and the officer "then confirmed his consent, and the driver asked [the officer] to 'please' search the car. This exchange is clearly recorded both visually and auditorily on the videotape and supports [the officer's] testimony." (Criminal Court File No. 45. p.3).

In addition to the above, this Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore this Court will **DENY** Young leave to proceed *in forma pauperis* on appeal. Rule 24 of the Federal Rules of Appellate Procedure. Young has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure, or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

An appropriate judgment order will enter **DENYING** his § 2255 motion and proposed amendment.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**